UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ESTHER OYINDAMOLA AKINRINOLA** | **CASE NO.  6:24-CV-1030 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **HELEN GRIMES** | **MAGISTRATE JUDGE AYO** |

### MEMORANDUM ORDER

*Pro se* plaintiff Esther Oyindamola Akinrinola, proceeding *in forma pauperis*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 1, 2024. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Petitioner alleges that her continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and requests immediate release from detention. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Petitioner alleges that she was taken into immigration custody on October 25, 2023. (Rec. Doc. 1, p. 4, ¶ 11). She received a final order of removal on November 27, 2023. (*Id*). Petitioner alleges that she has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and seeks immediate release.

In order to determine what action should be taken with respect to this petition,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition (Rec. Doc. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE), the Director of ICE, and the warden of the South Louisiana ICE Processing Center.

**IT IS ORDERED** that Respondents file an answer to the petition within sixty (60) days following the date of service. In the answer, Respondents shall provide the Court with **summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether Petitioner's detention is otherwise lawful.** This evidence shall include information regarding the length of time that he has been in post-removal order custody, the date on which her removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future.

**IT IS FURTHER ORDERED** that Petitioner will be given thirty (30) days following the filing of Respondents' answer to produce contradictory summary judgment evidence[1] on the issue of the lawfulness of her detention.

---

[1]Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified

All documentary exhibits **MUST BE APPROPRIATELY BOUND AND THE PAGES MUST BE NUMBERED**. An index describing each item attached to the response and showing each item's page number shall also be attached.

**FINALLY, IT IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

**After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.**

**THUS DONE AND SIGNED** in chambers this 13th day of November, 2024.

_____
David J. Ayo
United States Magistrate Judge

---

copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.